## Commonwealth v. Kohler

*Jas. G. Glessner*, for Commonwealth.
*Amos W. Hermann*, for defendant.

NILES, P. J., January 17, 1935—The court finds from the admissions and the evidence the following pertinent facts:

The Borough of Loganville is a duly incorporated municipality of the Commonwealth, and is governed by the provisions of The General Borough Act of May 4, 1927, P. L. 519, and the amendment of June 9, 1931, P. L. 386.

Section 2910 of The General Borough Act, as amended by the Act of 1931, provides: "Every borough shall have power, by ordinance, to regulate and license each and every transient retail business, within such borough, for the sale of goods, wares, and/or merchandise, and to prohibit the commencement or doing of any such business until or unless the license required by such ordinance has been procured from the proper authorities by the person, firm, or corporation desiring to commence such transient retail business, and to enforce such ordinances by penalties not exceeding three hundred dollars and/or by other appropriate means. The amount of any such license shall not exceed two hundred dollars for each month, or fractional part thereof, during which any such sale is continued.

"Nothing contained in this act shall be construed to apply to farmers selling their own produce".

By virtue of this statutory authority the Borough of Loganville on February 2, 1932, duly passed an ordinance regulating the licensing of persons engaged in a transient retail business, specifying among other classes "B. To hawk or peddle with a vehicle . . . milk . . . except the produce of a farm or garden occupied and cultivated by the vendor." The license fee was fixed at $10 per annum.

In July, 1934, the defendant, Percy Kohler, was engaged in the occupation of serving milk to various people in Loganville. He had no license as required by the borough ordinance. He does not own a farm or garden occupied and cultivated by him from which the milk sold was produced.

The milk sold by the defendant Kohler was produced upon the farm of H. M. Markle in Springfield Township, adjacent to Loganville. Kohler had been a farm employe for Markle. At the time of the transaction complained of the method pursued was that Markle sent milk that was produced on his farm to be delivered to customers in Loganville by the defendant Kohler. Kohler did not buy the milk from Markle, nor sell it as his own to the customers. Kohler returned to Markle all unsold milk and all the money received by him for the milk sold. His compensation was $1 for every 50 quarts so sold.

If the defendant Kohler was the vendor of this milk he does not come within the exception of the ordinance, and his conduct would be a violation and subject him to the penalty.

A doubt as to the defendant's violation should be resolved in his favor.

Upon all of the evidence and admissions before the court we feel that there is a substantial doubt as to the applicability of this borough ordinance to defendant's conduct. If Markle himself had taken milk produced upon his own farm and sold it in Loganville he would clearly be within the exception. His doing this through his employe, who had bought no milk anywhere and sold none except for his employer, and having no property or interest in the milk, or in its proceeds, other than his wages fixed upon a commission basis, does not make him, for the purposes of this ordinance, the vendor.

And now, January 17, 1935, upon full hearing in open court the defendant is adjudged to be not guilty; and the costs are ordered to be paid by the Borough of Loganville, the prosecution having been instituted by the action of the borough officers.